

PROVIDED TO
CROSS CITY CI ON
OCT 2 4 2025
FOR MAILING

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**

<u>**CIVIL RIGHTS COMPLAINT FORM FOR**</u>
<u>**PRO SE PRISONER LITIGANTS IN ACTIONS UNDER**</u>
<u>**28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983**</u>

Oscar Coleman III,

Inmate ID Number: 131647,

*(Write your full name and inmate ID number.)*

**v.**

Officer Peirson,

Officer Vanhooten,

Sgt. Stewart,

*(Write the full name of each Defendant who is being sued. If the names of all the Defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

_____/

**Case No.:** 1:25-cv-00268-TKW-MAF
*(To be filled in by the Clerk's Office)*

**Jury Trial Requested?**
☑ **YES**  ☐ **NO**

FILED USDC FLND GV
OCT 30 '25 PM4:08
KM

## I. PARTIES TO THIS COMPLAINT

A. Plaintiff

Plaintiff's Name: Oscar Coleman III     ID Number: 131647

List all other names by which you have been known: O'Dogg, Lil Ono

Oscar Coleman II, Junay, Dascan Johnson

Current Institution: Cross City Correctional Institution

Address: 568 NE 255TH Street

Cross City, FL 32628

B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for *each and every* Defendant:

1. Defendant's Name: Officer Pairson

   Official Position: Foxtrot's 4pm - 12am Officer

   Employed at: Cross City Correctional Institution

   Mailing Address: 568 NE 255TH St.

   Cross City, Florida 32628

   ☑ Sued in Individual Capacity     ☐ Sued in Official Capacity

2. Defendant's Name: _Officer Vanhooten_

   Official Position: _Laundry Officer 8a.m. - 4p.m._

   Employed at: _Cross City Correctional Institution_

   Mailing Address: _568 NE 255TH ST_

   _Cross City, FL 32698_

   [☑ Sued in Individual Capacity]    ■ Sued in Official Capacity

3. Defendant's Name: _Sergeant Stewart_

   Official Position: _Sergeant 4p.m. - 12 a.m._

   Employed at: _Cross City Correctional Institution_

   Mailing Address: _568 NE 255TH ST_

   _Cross City, FL 32628_

   [☑ Sued in Individual Capacity]    ■ Sued in Official Capacity

   (*Provide this information for all additional Defendants in this case by attaching additional pages, as needed.*)

## II. BASIS FOR JURISDICTION UNDER 28 U.S.C. § 1331 or § 1346

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

Are you bringing suit against (*check all that apply*):

☐ Federal Officials (*Bivens case*)    ☑ State/Local Officials (*§ 1983 case*)

## III. PRISONER STATUS

Indicate your confined status:

☐ Pretrial Detainee    ☐ Civilly Committed Detainee

☑ Convicted State Prisoner    ☐ Convicted Federal Prisoner

☐ Immigration Detainee    ☐ Other (*explain below*):

_____

_____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the *facts* showing why you are entitled to relief. Describe how *each* Defendant was involved and what each Defendant did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short, numbered paragraphs, limited as far as practicable to a single event or incident. ***Do not make legal arguments, quote cases, cite statutes, or reference a memorandum.*** You may make copies of page 6 if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. Exhibits attached to

the complaint will count as part of your page limitation. Therefore, do not attach irrelevant or unnecessary exhibits. Facts not related to this same incident or issue must be addressed in a separate civil rights complaint.

1 During the time period of late May - early June 2025 Officer Vanhooten kept pulling out guys in the dorm who were assigned Housemen and the ones who were unassigned that he knew would clean if given the opportunity, to question us about a locker that he kept in the laundry room without authorization which came up missing.

2   Officer Vanhooten called me to the back room after he interrogated inmate Josh Willingham, asking me questions like "do you know who got my locker out of here?" Or "If you tell me who got my locker i'll make sure you get compensated for your help?"

3   Later he called me back to the back room of

**Statement of Facts Continued** (*Page* **2** *of* **6** )

Foxtrot's Officer Station and said "I'm giving you one more chance to speak up and tell me what you know about whoever stole my sh**." And he finished by stating "If I find out you had anything to do with this, or you were going around selling my f*****ng sh**, that's your ass." And, "he'd have me f*cked up." (Mid June) 2025

4 I asked Officer Vanhooten if he were threatening me, and he replied, "No, that's not a f***ing threat, that's a f***ing promise!"

5 I went to confinement for an unrelated charge on 6·26·25 and was sentenced to 60 days DC Confinement. I was let out in 21 days and sent to Echo Dorm. I went in Echo Dorm for approx. 5 mins. and was called by the Officer and sent

Statement of Facts Continued (Page 3 of 6)

to Foxtrot Dorm Cell 3103, on 7·17·25.

6 When I arrived, I witnessed Ofc. Vanhooten having a conversation with my new bunky and his friend next door. He noticed me and began rolling the cell doors to the locked open position, while walking towards me. While looking directly at me, Officer Vanhooten smirked and said "have fun." Then looking in the direction of my new bunky he stated, "make it look good." 7·17·25 @ approx. 5 p.m.

7 I entered the cell and asked my new bunky, "what was Ofc. Vanhooten talking about?" He said, "all ya'll clean up men who stole his locker and sold his shit." During the count my new bunky Cedi Pacheco admitted to me that Officer Vanhooten said that "you and Joshua Willingham stole his locker because he caught Josh leaving out of the room with the locker on camera, and saw you in and out of Josh's cell on the camera as well." Cedi told me that "Ofc. Vanhooten beat, sprayed, and locked Josh up right before I was let out of confinement." Josh confirmed this alleged incident of being beaten, sprayed, and locked up by Officer Vanhooten. 7·17·25 @ approx. 5:15 p.m.

8 On 7·18·25 my bunky started acting strange and asked me "if I robbed him." I explained to him that "i'm no thief or robber." He kept pacing the cell and talking to himself. Then frowning at me repeatedly.

9 On 7·19·25 he had gotten worse. He stopped talking to Americans and only talked to people

Statement of facts Continued (Page 4 of 6 )

who spoke Spanish; but the one word I could not mistake was "Vanhooten".

10  On the same night I stepped to Officer Peirson and Sergeant Stewart together and told them that "I don't feel safe in that cell because my bunky is making threats and hallucinating." They told me to "get back with them before Master Count." 7.19.25

11  At recall (preparation for count) I stepped to Officer Peirson to remind her of my fear for my personal safety, and I told Ms. Pierson that "maybe I should be allowed to be counted outside of the cell." She responded saying that "it is not her call, it's up to her Sergeant." I then stated "I have a psychological emergency then." She asked, "Why?" And I said, "because I am in fear of/for my safety and my bunky's if he backs me into a corner." She responded, "wait for Sarge." (7.19.25 approx 9:55 p.m)

12  During Master Roster count I counted on my feet because of the look on my bunky's face. The Officer counted and inmate Lindberg Rolle came down the hallway to plug the Industrial Fan in. I told inmate Rolle to tell Ms. Peirson that "I needed out of the cell." My bunky was pacing with an obvious Knife out.

13  He returned saying, "she said no, she's not letting anyone out tonight." I told him to "tell her that I have a psychological emergency." He then returned saying, "she said, leave her alone she watching a movie." I told him to "tell Sarge

Statement of Facts Continued (Page 5 of 6)

when he gets back." He responded "he in the booth watching the movie too."

14 I was left in the cell from Master Roster Count @ approx. 10:00 p.m without any Officer completing the mandatory 30 min Security Rounds all the way up until I was able to scream and kick the cell door bleeding and fighting off my attacker @ approx. 2:30 a.m. (Inmate died this year from same)

15 Ofc. Peirson and Sergeant Stewart went home @ 12:00 a.m. without ever addressing my fears, psychological emergency, or completing their every 30 mins mandatory Security Rounds. And as a result I was stabbed in the neck and tortured at knife point then Life Flighted to Shands of Gainesville and admitted at 3:45 a.m. on 7.20.25

16 Then on 8.20.25 Officer Vanhooten was doing Laundry Exchange and he came to my cell A3110 and looked at my neck and said "he made it look good, didn't he." Inmate Anthony Graves #J38940 heard him and said "what was he talking about because it sounded like some foul play."

17 During the interrogation my bunky kept on (7.19.25) saying, "who else had something to do with it." I asked "what are you talking about." He flat out said, "who stole that locker?" I said, "man you tripping." He kept on talking and mumbling with a big knife in his hand, and as soon as I bent down to pick the Tablet up off of the floor he

Statement of Facts Continued (Page 6 of 6)

stabbed me in the neck and kept coming at me.

18  He kept trying to stick me while I was trying to defend myself with my good arm. Along with the big hole in my neck, I suffer muscle, tissue, and nerve damage and my right arm does not lift all the way up; and even the healed version hurts in a major way. I cannot even wash my back in the shower.

19  I am only able to lay on one side of my body from the pain level being excruciating. I cannot sleep at night from nightmares and it always feels like someone is out to get me, and that no where is that I am is safe. I suffer from loss of appetite, and sometimes like the walls are closing in; and have been diagnosed with PTSD by Cross City's Mental Health Department shortly after the stabbing incident. No Officer completed a Security Check.

20  I also told Officer Peirson of my bunky's (7·19·25) questions about Officer Vanhooten's stolen contraband locker in the presence of Sgt. Stewart. To these words they seemed unphased, or appeared as if I did not say those words. I was brushed off.

21  Sgt. Stewart and Ofc. Peirson's favorite phrase is, "just keep it off of the camera, and I don't care what you do." They exercised this phrase of theirs on the night of 7·19·25 when they failed to listen to my saying "I am in fear of my life being taken from me." I made this very clear to them more than once. They chose the movie.

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section IV. If more than one Defendant is named, indicate which claim is presented against which Defendant.

1. Defendant Vanhooten put together a plan to have me injured by hiring inmate Cedi Pacheco to "f**k me up", which led to him stabbing me in the neck and attempting to finish me off. Defendant Vanhooten paid inmate Pacheco to

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. If requesting money damages *(either actual or punitive damages)*, include the amount sought and explain the basis for the claims.

1. I am seeking Compensatory Damages in the amount of $80,000 for each defendant named both jointly and severally for their parts in violating my 8th Amendments Rights under the

## V. Statement of Claims Continued (Page 2 of 9)

stab me violates my rights under the Eighth Amendment to the United States Constitution, and caused Plaintiff Oscar Coleman III pain, suffering, physical injury, and emotional distress.

2 Officer Peirson knew that I was facing a substantial risk of serious harm because I made her aware of my bunky's condition and also my fear of being hurt or having to hurt my bunky and she ignored me and told me "she's watching a movie." Defendant Peirson's actions violates Plaintiff Coleman's rights under the Eighth Amendment to the United States Constitution and caused Plaintiff Coleman pain, suffering, physical injury and emotional distress.

3 Defendant Peirson also ignored the rule given in Chapter 33-602.222 (4)(a)1 "Officers are required to do a walk through every 30 mins." If not disregarded by Defendant Peirson I would not have been stabbed in the neck. An inmate was murdered in early 2025 for the same disregarded duties; so Defendant Peirson was aware of the "substantial risk of serious harm." Defendant Peirsen's actions violates Plaintiff Coleman's rights under the Eighth Amendment to the United States Constitution, and caused Plaintiff Coleman pain, suffering, ~~physical and~~ emotional distress and physical injury.

4 Defendant Stewart was made aware of my fear of being injured by my hallucinating bunky, his interrogating aggressive line of quest-

# V. Statement of Claims Continued (Page 3 of 4)

joning but also made a conscious discision to disregard my fears of bein injured, and his job duty's to keep me from unreasonable risks of serious harm. Defendant Stewart's actions violates Plaintiff Coleman's rights to the Eighth Amendment to the United States Constitution and Caused plaintiff Coleman pain suffering physical injury, and emotional distress

5 Both Defendants Peirson and Stewart are aware of the rules of conduct and Ch. 33 which shares "zero tolerance rules against officers and staff ignoring Medical & Psychological Emergencies, and that it is the decision of Medical Staff or Mental Health Staff to say whether the emergencies can be ignored." Both defendants Peirson and Sgt. Stewart show deliberate, indifference to my serious Mental Health Needs which can only be second to a major Security issue. Their actions violated plaintiff Coleman's rights under the Eighth Amendment to the United States Constitution, and caused Plaintiff Coleman pain, suffering, physical injury, and emotional distress.

6 Defendant Vanhooten by hiring an inmate to stab me intended to cause me physical harm and Intentional Emotional distress. Vanhooten's actions is in violation of Plaintiff Coleman's rights under the Eighth Amendment to the United States Constitution. (Proven by his actions on 8·20·25)

**V.** Statement of Claims Cont. (Page <u>4</u> of <u>4</u> )

7. The fact that <u>No Officer did their 30 min</u>
<u>Security Rounds after Ofc Peirson and Sgt.</u>
<u>Stewart went home</u> means that they did not
make the 12 am - 8 a.m. shift aware of my fear
of injury or death. It is mandatory that they
pass down information that is important to the
oncoming shift. Ofc. Peirson's and Sgt. Stewart's
actions caused me pain suffering physical injury
and emotional distress. Their actions are in
violation of my rights to the Eighth Amendment
to the United States Constitution.

United States Constitution. Also for my arm and neck not functioning as they did before the stabbing and torture .. i.e. permanent disfigurement. This amount toward Ofc. Peirson and Sgt. Stewart

2. I am seeking $100,000 in compensatory damages for Officer Vanhooten's violating of my 8th Amendment Constitutional rights and for the permanent disfigurement and my arm and neck not able to function the way it did before he caused this incident.

~~3. I am seeking punitive damages~~

3. I am seeking $500,000 in Punitive Damages towards Officer Vanhooten for Intentionally Masterminding this evil plot or Plan against me, and causing me pain, suffering, physical injury, and emotional distress. Officer Vanhooten's plan was purely evil motivated.

4. Injunction to ensure Officers start doing their Security Rounds

5. I seek Jury Trial on all issues, trial by Jury

6. I also seek recovery of my costs in this suit, and

7. any additional relief this court deems just, proper, and equitable.

## VII.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies (*grievance procedures*) before bringing a case. 42 U.S.C. § 1997e(a). **ATTENTION:** *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.* If the case is dismissed for failure to exhaust or for any reason, you will still be required to pay the full filing fee and the dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Therefore, please consider whether you have fully exhausted your remedies before proceeding with this action.

## VIII.  PRIOR LITIGATION

*This section requires you to identify your prior litigation history.  Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.  You should err on the side of caution if you are uncertain whether a case should be identified.*

**ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while*

*incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?

☑ YES    ☐ NO

If "Yes," identify the case number, date of dismissal, and court for each case:

1. Date: 8.4.25      Case #: 1:25-cv-14-AW-MAF

   Court: United States Dist. Court

   Reason: failure to state a claim

2. Date: _____  Case #: _____

   Court: _____

   Reason: _____

3. Date: _____  Case #: _____

   Court: _____

   Reason: _____

(*If necessary, list additional cases on an attached page*)

B. Have you filed other lawsuits or appeals in ***state or federal court*** dealing

with the same facts or issue involved in this case?

□ YES ☑ NO

If "Yes," identify the case number, parties, date filed, result (*if not still*

*pending*), name of judge, and court for each case (*if more than one*):

1. Case #:_____Parties: _____

   Court:_____Judge: _____

   Date Filed:_____Dismissal Date (*if not pending*): _____

   Reason: _____

2. Case #:_____Parties: _____

   Court:_____Judge: _____

   Date Filed:_____Dismissal Date (*if not pending*): _____

   Reason: _____
   (*If necessary, list additional cases on an attached page*)

C. Have you filed any other lawsuit, habeas corpus petition, or appeal in

   ***state or federal court*** either challenging your conviction or relating to

   the conditions of your confinement?.

   □ YES  ☑ NO

   If "Yes," identify all lawsuits, petitions and appeals:

NDFL Pro Se 14 (Revised June 2022) Civil Rights Complaint Prisoner
ClerkAdmin/Official/Forms

10

1. Case #:_____Parties: _____

   Court:_____Judge: _____

   Date Filed:_____Dismissal Date (*if not pending*): _____

   Reason: _____

2. Case #:_____Parties: _____

   Court:_____Judge: _____

   Date Filed:_____Dismissal Date (*if not pending*): _____

   Reason: _____

3. Case #:_____Parties: _____

   Court:_____Judge: _____

   Date Filed:_____Dismissal Date (*if not pending*): _____

   Reason: _____

4. Case #:_____Parties: _____

   Court:_____Judge: _____

   Date Filed:_____Dismissal Date (*if not pending*): _____

   Reason: _____

5. Case #:_____Parties: _____

   Court:_____Judge: _____

   Date Filed:_____Dismissal Date (*if not pending*): _____

   Reason: _____

6. Case #:_____Parties: _____

Court:_____Judge: _____

Date Filed:_____Dismissal Date (*if not pending*): _____

Reason: _____

(**Attach additional pages as necessary to list all cases.**)

## IX. CERTIFICATION

1. I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.

2. Additionally, as required by Federal Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non- frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

3. I understand it is my obligation to timely notify the Clerk's Office if there

is any change to my mailing address and that my failure to do so may result

in a dismissal of the action.

Date: _10·23·25_ Plaintiff's Signature: _____

Printed Name of Plaintiff: _Oscar Coleman III_

Correctional Institution: _Cross City Correctional Institution_

Address: _568 NE 255 TH ST._

_Cross City, Florida 32628_

**I certify and declare, under penalty of perjury, that this complaint was**

**(*check one*) ☐ delivered to prison officials for mailing or ☑ deposited in**

**the prison's mail system for mailing on the _24th_ day of _Oct_, 20_25_.**

Signature of Incarcerated Plaintiff: _____

Oscar Coleman III #1316644
Cross City Correctional Institution
7628 NE 255TH ST
Cross City, Florida 32628

CHECKED OCT 30 2025

United States District Court
Northern District of Florida
Office of the Clerk
401 S.E. 1st Avenue, Suite 243
Gainesville, Florida 32601-6805

MAILED FROM
STATE CORRECTIONAL
INSTITUTION
32628





FIRST-CLASS

US POSTAGE PITNEY BOWES

$ 002.44°
ZIP 32628
02.7H
0000109374
OCT 27 2025

LEGAL MAIL

LEGAL MAIL